OPINION
{¶ 1} Defendant-appellant Troy J. Redman appeals his convictions and sentences entered by the Stark County Court of Common Pleas on two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 11, 2001, Briana Crawford, appellant's step daughter, informed her mother, Dina Crawford, appellant had performed sexual acts upon her. Dina called the Childrens' Hotline and subsequently presented Briana to the physicians at Aultman Hospital Emergency Room. Following Briana's disclosure, Nicole Scott, the daughter of Dina and appellant's friend Jennifer Scott, disclosed to her mother appellant had engaged in sexual contact with her (Nicole) when appellant had babysat her.
 {¶ 3} On November 15, 2002, the Stark County Grand Jury indicted appellant on two counts of rape, in violation of R.C. 2907.02(A)(1)(b), and three counts of gross sexual imposition, in violation of R.C.2907.05(A)(4). Appellant entered a plea of not guilty to all the charges at his arraignment on November 30, 2001. The matter proceeded to trial by jury on February 25, 2002.
 {¶ 4} The State called nine witnesses, including the two victims. Appellant testified on his own behalf and played the videotape deposition of Dr. Zimmerman, an emergency room physician who had examined Briana. After several hours of deliberations, the jury informed the trial court it was deadlocked on three of the counts. The trial court read theHoward charge to the jury. Thereafter, the jury returned verdicts of not guilty on the two counts of rape and one of the counts of gross sexual imposition, and verdicts of guilty on one count of gross sexual imposition involving Briana and one count of gross sexual imposition involving Nicole. The trial court sentenced appellant to a period of five years incarceration on each count. The trial court ordered the sentences be served consecutively to one another.
 {¶ 5} It is from this convictions and sentence appellant appeals, raising the following assignments of error:
 {¶ 6} "I. The trial court committed plain error in failing to satisfy the statutory requirements for imposing consecutive sentences.
 {¶ 7} "II. The trial court plainly erred in imposing maximum prison terms for Mr. Redman's two gross sexual imposition counts.
 {¶ 8} "III. Trial counsel was ineffective for failing to object to Mr. Redman's maximum, consecutive prison terms at the sentencing hearing.
 {¶ 9} "IV. The evidence at trial was insufficient to support a conviction, and the jury's verdict was against the manifest weight of the evidence."
 II. {¶ 10} For ease of discussion, we shall address appellant's second assignment of error first. In his second assignment of error, appellant contends the trial court erred in imposing maximum sentences upon him. We disagree.
 {¶ 11} Pursuant to R.C. 2953.08(G), our standard of review on this issue is clear and convincing evidence. R.C. 2929.14, which governs the imposition of a maximum prison term, reads in relevant part: (C) Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
 {¶ 12} While a recitation of the statutory criteria alone may be enough to justify more than the minimum sentence, it is not enough to justify the imposition of the maximum sentence. The trial court also must provide its reasons. As stated in R.C. 2929.19(B)(2)(d): The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * *
 {¶ 13} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term * * *"
 {¶ 14} Thus, a trial court has discretion to impose a maximum sentence if it determines one of the factors listed in R.C. 2929.14(C) exists, and it explains its reasons for imposing a maximum sentence as required by R.C. 2929.19(B)(2)(d). Accordingly, we must turn to the sentencing hearing to determine if the trial court stated its reasons for imposing the maximum sentence. If the trial court fails to provide such reasons, either orally or in the sentencing entry, the matter must be remanded for resentencing. At the March 1, 2002 sentencing hearing, the trial court addressed appellant, as follows:
 {¶ 15} "Additionally this Court finds that this was the worst form of gross sexual imposition given the nature of the sexual conduct, the tender ages of the two girls involved, and the extensive period of time involved in the abuse.
 {¶ 16} "This type of sexual deviancy has the greatest likelihood of being committed in the future.
 {¶ 17} "The stepdaughter, Briana, was in a highly vulnerable position because of the parental role you played in her life.
 {¶ 18} "She was only six when the abuse commenced based on the indictment for the conviction for which the jury did find you guilty, was afraid of being taken from her mother.
 {¶ 19} "Her friend, Nicole, was also subject to this sexual conduct while she was being babysat; and again you were in a position of authority and trust.
 {¶ 20} "The girls' lives have been changed dramatically. They will need much love and support to overcome the obstacles placed in their paths to a normal period of adolescence.
 {¶ 21} "The lack of remorse on the part of the Defendant and the blame placed on the mothers was unconscionable." Tr. Vol. VI at 513-514.
 {¶ 22} We find the trial court properly stated its reasons for imposing the maximum sentence pursuant to R.C. 2929.19(B)(2)(d). We find the trial court's imposition of the maximum sentence was supported by clear and convincing evidence.
 {¶ 23} Appellant's second assignment of error is overruled.
 I. {¶ 24} In his first assignment of error, appellant argues the trial court erred in imposing consecutive sentences upon him. We agree.
 {¶ 25} In order to impose consecutive sentences when an offender is convicted of multiple offenses, a trial court must first find consecutive service is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). The court must also find consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find one or more of the following: a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense; b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Id.
 {¶ 26} If a trial court imposes consecutive sentences, the trial court must give its reasons for imposing the given sentence. R.C.2929.19(B)(2)(c). At the March 1, 2002 sentencing hearing, the trial court noted:
 {¶ 27} "While the Court recognizes you do not have a prior record, has taken that into consideration, the Court finds that consecutive sentences are appropriate in this case in order to protect the public from future crime and to punish you as the Defendant.
 {¶ 28} "The consecutive sentences are not disproportionate to the seriousness of your criminal conduct and to the danger you would pose to the public.
 {¶ 29} "Additionally, the harm caused by this conduct involves multiple incidents involving two victims which was so great that no single prison sentence for any one of the offenses would adequatelyprotect the public." Tr. Vol. VI at 513. (Emphasis added).
 {¶ 30} As indicated by emphasized language above, the trial court erred in its recitation of the criteria for the imposition of consecutive sentences as set forth in R.C. 2929.14(E)(4). R.C. 2929.14(E)(4)(b) requires a finding consecutive sentences are necessary because "the harm caused by the * * * multiple offenses so committed was so great or unusual that no single prison term . . . adequate reflects theseriousness of the offender's conduct." (Emphasis added.) While we believe the trial court's error was inadvertent, we must, nonetheless, vacate appellant's sentence and remand the matter to the trial court for resentencing.
 {¶ 31} Appellant's first assignment of error is sustained.
 III. {¶ 32} In his third assignment of error, appellant asserts an ineffective assistance of counsel claim. Specifically, appellant submits counsel was ineffective for failing to object to the trial court's imposition of consecutive, maximum prison terms upon him.
 {¶ 33} The standard when reviewing an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 34} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Id. at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 35} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 36} In light of our disposition of appellant's second assignment of error, we find appellant cannot establish he was prejudiced as to his counsel's failure to object to the trial court's imposition of maximum sentences. Because we sustained appellant's first assignment of error regarding imposition of consecutive sentences, this portion of appellant's ineffective assistance argument is moot.
 {¶ 37} Appellant's third assignment of error is overruled.
 IV. {¶ 38} In his final assignment of error, appellant challenges the verdicts on sufficiency of evidence and manifest weight grounds.
 {¶ 39} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at paragraph two of the syllabus.
 {¶ 40} When applying the aforementioned standard of review to the case sub judice, based upon the facts noted supra, we do not find, as a matter of law, appellant's convictions were based upon insufficient evidence.
 {¶ 41} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 42} In his brief to this Court, appellant states: "The factual testimony offered by the alleged victims presented a scenario of sexual misconduct that was contradicted by the medical testimony provided to the fact finders in this case. The extensive continuous sexual conduct alleged was absurd when compared uncontested to the objective medical findings provided to the jury." Brief of Appellant at 9.
 {¶ 43} The medical testimony appellant references is the videotape deposition of Dr. Zimmerman, the emergency room physician who conducted a physical examination of Briana, as well as the live testimony of LaToya Dickens, a primary care nurse in the emergency room. The physical examination revealed no signs of vaginal penetration and showed Briana's hymen was intact. Additionally, the results of Briana's throat culture was negative for disease. Donna Abbott, a registered nurse called by the State as an expert in child sexual abuse cases, explained Dr. Zimmerman's physical examination findings were not inconsistent with Briana's allegation as physical examinations of sexual abused children, in most instances, will be perfectly normal. Tr. Vol. II at 368.
 {¶ 44} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and credibility of the witnesses are primarily for the trier of fact. The jury was free to accept or reject any of all of the testimony of the witnesses. Clearly, in some instances, the jury chose to reject certain testimony, finding appellant not guilty of certain counts. We find the testimony of Briana and Nicole detailing appellant's sexual contact with them coupled with Donna Abbott's testimony was sufficient competent and credible evidence and the jury's verdicts were not against the manifest weight of the evidence.
 {¶ 45} Appellant's fourth assignment of error is overruled.
 {¶ 46} The March 13, 2002 Judgment Entry of the Stark County Court of Common Pleas is affirmed in part and vacated in part and remanded for resentencing in accordance with this opinion and the law.
By: Hoffman, P.J., Farmer, J. and Edwards, J. concur.
topic: consecutive sentences/maximum sentence; ineffective assistance/manifest weight.